UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:07-CR-44 |
| | ) | |
| V. | ) | (Philips / Shirley) |
| | ) | |
| SCOTT EDWARD WILLYARD, | ) | |
| | ) | |
| Defendant | ) | |

## **REPORT AND RECOMMENDATION**

All pre-trial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This matter is before the Court upon Defendant Scott Edward Willyard's ("Defendant Willyard") Motion to Dismiss for Insufficiency of Indictment [Doc. 105], filed on September 14, 2007. This Court held an Motion Hearing in this case on October 15, 2007. The government was represented by Assistant United States Attorney Hugh Ward ("AUSA Ward"). Attorney Robert Vogel ("Attorney Vogel") represented Defendant Willyard, who was also present.

Defendant Willyard alleges the Second Superceding Indictment [Doc. 172] fails in two areas: (1) it fails to sufficiently apprize Mr. Willyard of the charges so that he can prepare a defense; and (2) it is not sufficiently specific enough to protect Mr. Willyard against double jeopardy in a subsequent proceeding if he were to be charged with the same crime based on the same facts.

The government, in response, argues the Second Superceding Indictment is sufficient because it contains the essential elements of the offense charged, tracks the language of the applicable statute, and cites the statute, leaving no doubt as to the offense with which Defendant has

been charged [Doc. 145].

Count 1 of the Second Superseding Indictment reads as follows:

> The Grand Jury charges that, beginning on or about 1995, and continuing up to and including July 16, 2006, in the Eastern District of Tennessee and elsewhere, the defendants, LUIS ERASMO ROSALES RAMIREZ, ALFRED ALLEN ARREOLA, LUKE A MCLAUGHLIN, MATTHEW DAVID SUGAMELI, DANIEL RAMSEY, DEBORAH NOMMENSON, DARRELL WAYNE LUCK, and SCOTT EDWARD WILLYARD, also known as Rocky, did knowingly, intentionally, and without authority, combine, conspire, confederate, and agree with each other and other persons to commit violations of 21 U.S.C. § 841(a)(1), that is, distribute, and possess with intent to distribute, in excess of 1,000 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule 1 controlled substance.

Count 2 of the Second Superseding Indictment reads as follows:

> The Grand Jury further charges that, beginning in or about 1995, and continuing up to and including July 16, 2006, in the Eastern District of Tennessee and elsewhere, the defendants, LUIS ERASMO ROSALES RAMIREZ, ALFRED ALLEN ARREOLA, LUKE A MCLAUGHLIN, MATTHEW DAVID SUGAMELI, DANIEL RAMSEY, DEBORAH NOMMENSON, DARRELL WAYNE LUCK, SCOTT EDWARD WILLYARD, also known as Rocky, MICHELLE CHAVEZ, MARTINA REYNA GARCIA and JOSEFINA ALVAREZ VALENZUELA, did knowingly, intentionally, and without authority, combine, conspire, confederate, and agree with each other and other persons to commit certain offenses against the United States as follows: knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, to conduct and attempt to conduct such financial transactions with intent to promote the carrying on of a specified unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of a specified unlawful activity, that is, the distribution of, and possession of with intent to distribute marijuana, a Schedule I controlled substance, in violation of Title 18, United States Code, Sections 1956(a)1)(A)(I) and (a)(1)(B)(I).

Defendant and the government agree that an indictment must set out all the elements of the charged offense. The Court agrees based on the Sixth Amendment of the United States Constitution, Rule 7 of the Federal Rules of Criminal Procedure, and Supreme Court and Sixth Circuit precedent. Russell v. United States, 369 U.S. 749, 763-64 (1962) and United States v. Martinez, 981 F.2d 867 (6th Cir. 1992). In Martinez, the Sixth Circuit stated:

> To pass constitutional muster, an indictment must meet a two-prong test: first, the indictment must set out all of the elements of the charged offense and must given notice to the defendant of the charges he faces; second, the indictment must be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts. Russell v. United States, 369 U.S. 749, 763-64, 82 S.Ct. 1038, 1046-47, 8 L.Ed.2d 240 (1962).

Martinez, id. at 872.

Based on the above criteria, the Court finds that the Second Superceding Indictment [Doc. 172] passes Constitutional scrutiny. Specifically, the Court finds that the Indictment gives Defendant adequate notice of the charges against him. First, the Second Superceding Indictment tracks the statutory language of the appropriate sections of the United States Code, setting forth the elements of the charged offenses, and provides citations to the same. Second, the Court finds the Second Superceding Indictment specifies the amount and type of narcotics involved. As to the precise dates of Defendant's involvement in the alleged conspiracy, this Court has ordered the government to provide more succinct information as to the dates of involvement to Defendant through a bill of particulars. Furthermore, the Court finds that the information provided in the Second Superceding Indictment is fully adequate should Defendant be required to raise his conviction or acquittal as a bar to double jeopardy.

In light of this Court granting Defendant's Motion for Bill of Particulars, which should in the Court's view, provide the appropriate and sufficient information needed and which will minimize surprise and allow Defendant to properly prepare for trial, the Court recommends that Defendant's Motion to Dismiss for Insufficiency of Indictment **[Doc. 105]** be **DENIED**.[1]

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed with the clerk of the court within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Fed. R. Civ. P. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140 (1985). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).