UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:07-CR-44 |
| | ) | (Phillips / Shirley) |
| SCOTT EDWARD WILLYARD | ) | |
| Defendant | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court on the government's Notice of Enhancement Pursuant to 21 U.S.C. § 851 [Doc. 162], filed on October 24, 2007, Defendant Willyard's Response to United States' Notice of Enhancement [Doc. 166], filed on November 2, 2007, and the government's Reply to Defendant's Response to United States' Notice of Enhancement [Doc. 199], filed December 4, 2007. The Court held a hearing on this matter on December 13, 2007. Assistant United States Attorney Hugh Ward, Jr. ("AUSA Ward") appeared on behalf of the government. Attorney Robert Vogel ("Attorney Vogel") appeared on behalf of Defendant Willyard, who was also present.

The government, pursuant to its obligations under 21 U.S.C. § 851, filed a Notice of Enhancement advising Defendant of its intent to seek an enhanced punishment based upon Defendant's prior felony drug convictions, if Defendant is found guilty following trial in this matter.

Defendant filed a motion requesting this Court to deny the use of a specific case set forth by the government. Defendant contends one of the cases listed by the government is a misdemeanor conviction, not a felony conviction, and therefore cannot be used to enhance a conviction as set forth in 21 U.S.C. § 851(b)(1)(viii) and requests this Court hold a hearing to determine the applicability of the conviction at issue.

The government, in response, argues Defendant's motion is premature. The government contends this issue is not ripe and should be determined by the sentencing court, if and when, Defendant faces sentencing after trial.

The procedures for establishing prior convictions for purposes of sentence enhancement are set forth in 21 U.S.C. § 851. That statute requires the government to file an information stating the prior convictions to be relied upon. 21 U.S.C. § 851(a). A person claiming that a conviction is invalid must file a written response to the information and is entitled to a hearing to determine any issues raised by the response which would "except the person from increased punishment." 21 U.S.C. § 851(c). However, pursuant to 21 U.S.C. § 851(b), the court "shall after conviction but before prouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denied that he has been previously convicted as alleged in the information.

Accordingly, in light of the language of § 851, the Court finds Defendant's response to the government's notice of enhancement to be premature. This Court finds any enhancement of a sentence requires an initial sentence, which requires either a conviction, which requires a trial, or the entering of a guilty plea. In determining Defendant's request to be premature, this Court declines to rule on the merits and invites Defendant to file his written response, pursuant to 21

U.S.C. § 851(c), at the appropriate time, if necessary.

Thus, Defendant's Response to United States' Notice of Enhancement requesting a hearing [Doc. 166] is **DENIED as premature**.

**IT IS SO ORDERED.**

ENTER:

　　s/ C. Clifford Shirley, Jr.　
United States Magistrate Judge