**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 3:07-CR-44** |
| | ) | **(Phillips)** |
| **SCOTT EDWARD WILLYARD** | ) | |

**MEMORANDUM AND ORDER**

On November 20, 2007, the Honorable C. Clifford Shirley, Jr., United States Magistrate Judge, filed a 4-page Report and Recommendation (R&R) [Doc. 183] in which he recommended that defendant Willyard's motion to dismiss for insufficiency of the indictment [Doc. 105] be denied. This matter is presently before the court on timely objections to the R&R filed by defendant.

As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which defendant objects. For the reasons that follow, the court finds itself in agreement with Judge Shirley's analysis of the legal issues arising from the motion hearing conducted by him on October 15, 2007. Consequently, defendant Willyard's objections will be overruled, the R&R will be accepted in whole and the underlying motion to dismiss will be denied.

Defendant Willyard is charged in a two-count indictment with conspiracy to distribute marijuana and money laundering in violation of federal law. Defendant argues that the indictment does not appraise him of the specific charges against him – the amount of drugs is not specific, there is no specificity as with whom he conspired, and there is no indication of where or when defendant did anything during the conspiracy which is alleged to have spanned an eleven-year period.

A Second Superseding Indictment was filed in this case on November 2, 2007, following the motion hearing. Count One of that indictment states:

> The Grand Jury charges that, beginning on or about 1995, and continuing up and including July 16, 2006, in the Eastern District of Tennessee and elsewhere, the defendants, LUIS ERASMO ROSALES RAMIREZ, ALFRED ALLEN ARREOLA, LUKE A. MCLAUGHLIN, MATTHEW DAVID SUGAMELI, DANIEL RAMSEY, DEBORAH NOMMENSON, DARRELL WAYNE LUCK and SCOTT EDWARD WILLYARD, also known as Rocky, did knowingly, intentionally, and without authority, combine, conspire, confederate, and agree with each other and other persons to commit violations of 21 U.S.C. § 841(a)(1), that is, distribute, and possess with intent to distribute, in excess of 1,000 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

Count Two of the indictment states:

> The Grand Jury further charges that, beginning on or about 1995, and continuing up and including July 16, 2006, in the Eastern District of Tennessee and elsewhere, the defendants, LUIS ERASMO ROSALES RAMIREZ, ALFRED ALLEN ARREOLA, LUKE A. MCLAUGHLIN, MATTHEW DAVID SUGAMELI, DANIEL RAMSEY, DEBORAH NOMMENSON, DARRELL WAYNE LUCK and SCOTT EDWARD WILLYARD, also known as Rocky, MICHELLE CHAVEZ, MARTINA REYNA

GARCIA and JOSEFINA ALVAREZ VALENZUELA, did knowingly, intentionally, and without authority, combine, conspire, confederate, and agree with each other and other persons to commit certain offenses against the United States as follows: knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, to conduct and attempt to conduct such financial transactions with intent to promote the carrying on of a specified unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of a specified unlawful activity, that is, the distribution of, and possession of with intent to distribute marijuana, a Schedule I controlled substance, in violation of Title 18, United States code, Sections 1956(a)(1)(A)(I) and (a)(1)(B)(I).

The court agrees with Magistrate Judge Shirley that the Second Superseding Indictment gives defendant adequate notice of the charges against him. Both counts of the indictment track the statutory language of the United States Code, setting forth the elements of the charged offenses, including citations, and specify the amount and type of narcotics involved. In addition, the government filed a notice [Doc. 207] on December 7, 2007, which states:

From approximately 2003, defendant Scott Willyard was employed by Apodaca to deliver marijuana to customers in Detroit, Michigan, Boston, Massachusetts, and to West in the Eastern District of Tennessee. Defendant Willyard had originally been a delivery man of marijuana for the New Jersey/New York distributors who were associated with defendant Sugameli and Apodaca. In approximately February 2005, defendant Willyard delivered approximately 400 pounds of marijuana from Tucson, Arizona to West in the Eastern District of Tennessee. In approximately May 2005, defendant Willyard delivered another 400 pounds of marijuana from Tucson, Arizona to West in the Eastern District of Tennessee. In approximately August 2005, defendant Willyard delivered a

multiple-pound marijuana load from Tucson, Arizona to Boston, Massachusetts. Defendant Luke McLaughlin later traveled from Tucson, Arizona to Boston, Massachusetts to pick up the cash proceeds of the sale of this marijuana. In January 2006, Apodaca and co-conspirator Daniel Ramsey traveled from Tucson, Arizona to the Eastern District of Tennessee to meet West. Defendant Willyard from Tucson, Arizona was following in a separate vehicle and trailer with approximately 400 pounds of marijuana, and was arrested in Little Rock, Arkansas. Afterwards, co-conspirators who spoke with defendant Willyard were advised by him that he had lied to DEA agents in Little Rock Arkansas, regarding the true facts and destination of this marijuana. Defendant Willyard delivered marijuana to Arreola's customers in Detroit, Michigan.

The court finds that the Second Superseding Indictment and the notice filed by the government adequately informs defendant of the charges against him in order that he may properly prepare for trial and provide defendant with the necessary particulars to raise his conviction or acquittal to the charges as a bar to double jeopardy. The court being in complete agreement with the Magistrate Judge, the Report and Recommendation [Doc. 183] filed by the Honorable C. Clifford Shirley, Jr., United States Magistrate Judge, on November 20, 2007, is hereby **ACCEPTED IN WHOLE** whereby defendant Willyard's motion to dismiss for insufficiency of the indictment [Doc. 105] is **DENIED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge