# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 3:07-CR-44** |
| | ) | **(Phillips)** |
| **SCOTT EDWARD WILLYARD** | ) | |

## MEMORANDUM AND ORDER

On December 18, 2007, the Honorable C. Clifford Shirley, Jr., United States Magistrate Judge, filed a 28-page Report and Recommendation (R&R) [Doc. 212] in which he recommended that defendant Willyard's motions to suppress statements and physical evidence [Docs. 113, 114] be denied in part.  This matter is presently before the court on timely objections to the R&R filed by defendant.

As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which defendant objects.  For the reasons that follow, the court accepts the Magistrate Judge's findings as to the lawfulness of the traffic stop and search of defendant's vehicles, but must refer this matter to Judge Shirley to conduct an evidentiary hearing on defendant's motion to suppress statements.

Defendant Willyard is charged in a two-count indictment with conspiracy to distribute marijuana and money laundering in violation of federal law.  Defendant moves

to suppress any and all statements and evidence seized from a search of a 2002 Ford F-150 pickup truck and Carlson box trailer on or about January 27, 2007 in Lonoke, Arkansas. Defendant contends that the traffic stop was pretextual, and thus illegal. Defendant further contends that since the stop was illegal, the subsequent detention and search of both the trailer and his vehicle were done in violation of his Fourth Amendment rights. Defendant further contends that since there was no probable cause to arrest him, his subsequent arrest was illegal and any statements made to law enforcement arising out of the traffic stop and subsequent arrest were made in violation of the standards set forth in *Miranda v. Arizona,* 384 U.S. 436 (1966) and were not a result of a knowing, intelligent, and voluntary waiver of his constitutional rights.

At the suppression hearing conducted before the Magistrate Judge, the only witness called by the government was Arkansas State Police Trooper Victor D. Coleman. The R&R clearly reflects that Magistrate Judge Shirley carefully weighed and evaluated the testimony of Trooper Coleman, who was subjected to cross-examination by defense counsel. Magistrate Judge Shirley found Trooper Coleman to be a credible witness. Upon review of Trooper Coleman's testimony, the court notes that he observed defendant twice cross over the outside white line separating the line between the lane of traffic and the shoulder, in violation of Arkansas law. Therefore, Trooper Coleman had probable cause to believe a traffic violation had occurred justifying pulling defendant to the side of the road to issue a citation for the traffic violation. The court further finds that Trooper Coleman's questioning of defendant was reasonable under the circumstances – to determine whether

defendant was too impaired to continue driving.  Also, it was proper for Trooper Coleman to ask to see defendant's drivers licence and to run a background check, which resulted in evidence of an outstanding arrest warrant, thus justifying Trooper Coleman asking defendant further questions.

Trooper Coleman was aware that defendant had a prior criminal history involving drugs; observed that defendant acted extremely nervous; and that he had two new locks on a trailer he told Trooper Coleman was empty.  The court agrees with Magistrate Judge Shirley that the totality of these facts gave Trooper Coleman reasonable and articulable suspicion that other criminal activity was afoot, justifying the further detention of defendant to perform a canine sniff of the truck and trailer.  Once the canine "alerted" on the vehicle, probable cause existed to believe the vehicle contained contraband, justifying the officers' search of the entire vehicle and its contents.

Defendant argues that the canine used in the search may not be reliable or credible, but offers nothing other than his conclusory allegations to support his argument.  The court agrees with Magistrate Judge Shirley that Trooper Coleman sufficiently established his and his canine (Scarlet's) training.  Further, the court agrees that sufficient evidence was presented to establish that the conduct of the "alert" on defendant's vehicle by the canine was properly performed.

For these reasons, as well as the reasons articulated by Magistrate Judge Shirley in his R&R, defendant's objections to the traffic stop and subsequent search of his vehicles are **OVERRULED,** whereby the evidence seized from defendant's vehicles may be introduced into evidence at the trial of this case.

Next, defendant objects to the Magistrate Judge's finding that he voluntarily waived his *Miranda* rights and that his statements made after his arrest should be suppressed. Regarding defendant's interrogation by DEA agents, Trooper Coleman testified that he did not advise defendant of his *Miranda* rights. He believes that defendant was advised of his rights when he arrived at the Sheriff's Department and was turned over to DEA agents. Trooper Coleman further testified that he as not present when defendant was interviewed by the DEA agents. Subsequent to the hearing, the government filed the following documents: (1) Arkansas State Police *Miranda* Rights form regarding defendant; (2) Lonoke County Sheriff's Department Statement of Rights form dated January 27, 2006; (3) U.S. Department of Justice Drug Enforcement Administration Consent to Search form dated January 27, 2006; and (4) DEA Form-6, Report of Investigation, dated February 21, 2006, regarding the statement of defendant.

Defendant argues that there has been no supporting testimony offered to corroborate the authenticity or accuracy of the documents offered by the government, and defendant does not stipulate to them. Defense counsel did not have the opportunity to

cross examine any witnesses concerning these documents and the circumstances surrounding their creation have not been established.

As a general rule, statements made during a custodial interrogation in the absence of *Miranda* warnings are inadmissible. *See United States v. Clark,* 982 F.2d 965, 967 (6th cir. 1993). However, an individual may waive his rights so long as the waiver is knowing, intelligent and voluntary. *See United States v. Doherty,* 126 F.3d 769, 774 (6th Cir. 1997). The government bears the burden of establishing the validity of a waiver by a preponderance of the evidence. *Id.* In order for a waiver to be found involuntary, there must be an element of police coercion. *Seymour v. Walker,* 224 F.3d 542, 544 (6th Cir. 2000). Coercion with regard to the voluntariness of statements is found when (1) the police activity was objectively coercive; (2) the coercion was sufficient to overbear the defendant's will; and (3) the police conduct was the crucial motivating factor in the defendant's decision to offer the statement. *See United States v. Mahan,* 190 F.3d 416, 422 (6th Cir. 1999). The court looks at the totality of the circumstances in making its determination, considering such factors as the defendant's age, education and intelligence; whether he was informed of his constitutional rights; the length and extent of the interrogation; and the use of physical punishment such as the deprivation of food or sleep. *Id.*

The court agrees with Magistrate Judge Shirley that the record before the court does not contain sufficient information for the court to make a determination whether defendant was advised of his *Miranda* rights and whether the purported waiver of those

rights was voluntary, knowing and intelligent. Therefore, this matter will be **REFERRED** to the Magistrate Judge to conduct an evidentiary hearing on defendant's motion to exclude statements made to officers following his arrest [Doc. 113].

<u>Conclusion</u>

For the foregoing reasons, as well as the reasons articulated by Magistrate Judge Shirley in his R&R, defendant's objections to the R&R [Doc. 216] are **OVERRULED** in part. Accordingly, defendant's motions to suppress evidence [Docs. 113, 114] are **DENIED** as to the traffic stop on January 27, 2007 in Lonoke, Arkansas, whereby the evidence seized during the search of defendant's vehicles will be admissible at trial. This matter is **REFERRED** to Magistrate Judge Shirley for an evidentiary hearing on defendant's motion to suppress statements [Doc. 113]. Counsel for both the government and the defendant should be prepared to present testimony and evidence in support of their respective positions.

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge