UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | No. 3:07-CR-44 |
| | ) | (Phillips / Shirley) |
| SCOTT EDWARD WILLYARD, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 243] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of defendant Scott Edward Willyard's Second Motion for a Pretrial Hearing on the Existence of a Conspiratorial Agreement and the Connection Thereto of Defendant with Objections to the Report and Recommendations of the Magistrate Judge [Doc. 196], filed on November 30, 2007. The pending motion is addressed herein, a hearing being unnecessary for its disposition.

On November 16, 2007, the undersigned entered a Memorandum and Order ("M&O") [Doc. 182] denying defendant's Motion for a Hearing on the Existence of a Conspiracy [Doc. 108]. In regards to defendant's initial motion for a hearing, this Court stated:

> While the Sixth Circuit has approved three potential procedures for resolving this issue: (1) holding a pretrial hearing, (2) requiring at trial that the government present evidence of the conspiracy before presenting the co-conspirator's statement, and (3) allowing the government to present the statement before proving the conspiracy at

> trial, but instructing the jury that the government must prove the conspiracy before it can consider the statement, Vinson, 606 F.2d at 152-53, the Court notes that it is the general practice in this district to use the third of these options. In any event, defendant's motion [Doc. 108] relates directly to trial procedures and/or the admissibility of evidence at trial and will be addressed by the trial judge, District Judge Thomas W. Phillips. Accordingly, the undersigned denies defendant's motion [Doc. 108], to the extent it seeks a pretrial hearing at this time. District Judge Phillips will decide whether he desires to choose an option besides the third option before or during trial, as he deems appropriate.

In light of defendant filing his motion as a "Second Motion", this Court will treat it as a Motion for Reconsideration. Defendant contends that his case presents a situation mandating a pretrial hearing requiring the showing of a conspiracy and connecting the conspiracy to him before admitting any declarations of alleged co-conspirators instead of adhering to the customary practice in this district of presenting the statement before proving the conspiracy at trial, but instructing the jury that the government must prove the conspiracy before it can consider the statement.

The Federal Rules of Criminal Procedure make no provision for a motion to reconsider. Courts adjudicating motions to reconsider in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgement pursuant to Fed.R.Civ.P. 59(e). See United States v. Titterington, 2003 WL 23924932 at *1 (W.D. Tenn. May 22, 2003). A motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) may be made for one of three reasons:

1) An intervening change of controlling law;

2) Evidence not previously available has become available; or

3) It is necessary to correct a clear error of law or prevent manifest injustice.

Fed.R.Civ.P. 59(e); Helton v. ACS Group, 964 F.Supp. 1175, 1182 (E.D. Tenn. 1997). Rule 59(e)

is not intended to be used to "relitigate issues previously considered" or to "submit evidence which in the exercise of reasonable diligence, could have been submitted before." Id. at 1182. When a movant offers "essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal." Id. (citing Keweenaw Bay Indian Community v. State of Michigan, 152 F.R.D. 562, 563 (W.D.Mich. 1992), aff'd 11 F.3d 1341 (6th Cir. 1993)). Thus, there are limited circumstances in which a court may grant a motion for reconsideration. In fact, the Supreme Court stated that Congress' intent in adopting Fed.R.Civ.P. 59(e) "had a clear and narrow aim." White v. N.H. Dept. of Employment Sec., 455 U.S. 445, 450 (1982). The aim was to empower district courts "to rectify [their] own mistakes in the period immediately following the entry of judgment." Id.

Defendant Willyard does not allege in his motion that the November 30 M&O is invalid because a change in controlling law has occurred or evidence not previously available has become available. Therefore, the Court can only reconsider the November 30 M&O if doing so is "necessary to correct a clear error of law or prevent manifest injustice." Fed.R.Civ.P. 59(e). This Court finds defendant has not met his burden in establishing either a clear error of law or manifest injustice. Instead, defendant rests his motion on his statement that "[t]here is such a tenuous connection between the evidence disclosed and the Defendant that there ought to be a required showing on the part of the government establishing this Defendant's connection to any charged conspiracy prior to any co-defendant testimony getting admitted in the presence of the jury." [Doc. 196 at 3]. This assertion does not constitute grounds for reconsideration under Fed.R.Civ.P. 59(e) since it is the same argument made in his original motion and was previously considered by this Court.

Accordingly, defendant Willyard's Second Motion for Pretrial Hearing on the Existence of a Conspiratorial Agreement and the Connection Thereto of Defendant With Objections to the Report and Recommendations of the Magistrate Judge **[Doc. 196]** is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge