UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | No. 3:07-CR-44 |
| | ) | (Phillips / Shirley) |
| SCOTT EDWARD WILLYARD, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court on defendant's Motion to Reopen Evidentiary Hearing [Doc. 242], filed on February 12, 2008. The pending motion is addressed herein, a hearing being unnecessary for its disposition.

Defendant Willyard requests this Court to reopen the evidentiary hearing concerning his Motions to Suppress Physical Evidence [Docs. 113 & 114] for the limited purposes of providing expert testimony concerning the reliability of the canine search.

The government opposes [Doc. 244] defendant's motion on the grounds that defendant has no basis for reopening the evidentiary hearing. The government contends defendant had several months prior to the suppression hearing to prepare to argue his motion, including time to consult with experts regarding the reliability of the canine search.

**I.     Procedural Posture**

On November 2, 2007, this Court held a suppression hearing on defendant Willyard's Motion

to Suppress Statements and Physical Evidence [Doc. 113], and his Motion to Suppress Evidence Pursuant to Rules 104, 401, 402, 403, and 404(b), both filed on September 17, 2007. At the hearing, the only witness called by the government was Arkansas State Police Trooper Victor D. Coleman ("Trooper Coleman"). Defendant did not call any witnesses. For purposes of this motion, Trooper Coleman's relevant testimony focused on his K-9, Scarlet, both his and Scarlet's training, and Scarlet's use on the exterior of defendant's trailer.[1]

On direct, Trooper Coleman testified that when the State Police received Scarlet, he was required to go to a six week training facility, located near Hot Springs, Arkansas. He stated that Scarlet was already trained, but that he needed to attend training on how to handle her. He testified that Scarlet is eleven years old. Trooper Coleman further testified that Scarlet has been certified for the last ten years and that the State Police does at least one certification with her through the National Narcotics Detector Dog Association ("NNDDA") and additional certifications through other training agencies. He explained the NNDDA is completely independent of the State Police. He further stated that the State Police does a training with Scarlet at least once a year, she is used on a day-to-day basis to search vehicles for the State Police, and she is tested by the State Police on a weekly basis. Trooper Coleman testified she is certified in marijuana, cocaine, heroin, and methamphetamine. When asked about Scarlet's reliability rate, Trooper Coleman testified that Scarlet is about eighty percent reliable when narcotics have been found in the vehicle.

Trooper Coleman then testified that when defendant refused to give consent to search the vehicle, he used Scarlet on the exterior of the vehicle. He further testified that Scarlet alerted on the

---

[1]This Court previously summarized Trooper Coleman's testimony regarding the stop and subsequent search of defendant's vehicle on January 27, 2006 [See Doc. 212]. Accordingly, this Court incorporates all of Trooper Coleman's testimony by reference.

rear of the trailer and on the trailer's door; she also alerted on the door of the passenger side and the driver's side of the truck.

On cross-examination, Trooper Coleman was asked about Scarlet's certification. Trooper Coleman testified that when he says "good girl" to Scarlet, it means Scarlet has alerted on the vehicle. Additionally, when he says "here it is", he is encouraging her to work, but that it is not an indication to Scarlet to alert now or at a certain area on the vehicle. Trooper Coleman further testified that when Scarlet starts showing an interest in the vehicle, *i.e.*, when her breathing changes, he will slow down and possibly stop to let her work back and forth on the vehicle. When asked whether he uses any type of signal or body language to help guide Scarlet where to look, Trooper Coleman said no. He further testified he pulls back only when Scarlet has a hit on an area.

On December 18, 2007, the undersigned issues a Report and Recommendation [Doc. 212] denying in part defendant's Motion to Suppress Statements and Physical Evidence [Doc. 113] and denying defendant's Motion to Suppress Evidence Pursuant to Rules 104, 401, 402, 403, and 404(b) [Doc. 114]. On February 12, 2008, United States District Judge Thomas Phillips entered an Order adopting this Court's Report and Recommendations. On February 12, 2008, defendant filed the motion currently before the Court and on February 13, 2008, the government filed its response. Accordingly, this matter is ripe for adjudication.

## II.     Motion to Reopen Evidentiary Hearing

The decision whether reopen a suppression hearing is committed to the sound discretion of the district court. See United States v. Carter, 374 F.3d 399, 405 (6th Cir. 2004), *judgment vacated on unrelated grounds*, 543 U.S. 1111 (2005) (citing United States v. Lawrence, 308 F.3d 623, 627 (6th Cir. 2002)). The Sixth Circuit has broadly compared reopening suppression hearings to

3

reopenings generally. Carter, 374 F.3d at 405 ("A ruling on whether to reopen a suppression hearing is governed by principles of jurisprudence that relate to reopening proceedings, generally."). Among the factors the court should consider "the timeliness of the motion, the character of the testimony, and the effect of granting the motion." United States v. Blankenship, 755 F.2d 735, 741 (6th Cir. 1985). Furthermore, the party "moving to reopen [the hearing] should provide a reasonable explanation for failure to present the evidence" at the time of the original hearing. Id.

In this case, defendant Willyard requests to reopen the evidentiary hearing "for the limited purposes of providing expert testimony concerning the reliability of the canine searches." In conjunction therewith, he proposes to provide the video of the January 26, 2006 stop and subsequent search of his vehicle and the transcript of Trooper Coleman's testimony to an expert. However, defendant has not offered any justification for his failure to seek out expert testimony prior to the November 2 suppression hearing. According to defendant's counsel, Attorney Robert Vogel ("Attorney Vogel"), the DVD of the traffic stop was provided and viewed prior to the suppression hearing. When the government offered a DVD of the January 26, 2006 traffic stop into evidence as Exhibit 1, Attorney Vogel stated "[a]ssuming it's the same one we saw before, I have no objection." Thus, the Court finds Attorney Vogel had the opportunity to review the DVD, review Trooper Coleman's use of Scarlet alerting on the vehicle, and consult with an expert to challenge Trooper Coleman's techniques. Furthermore, defendant has not identified why his challenge to Trooper Coleman's canine techniques was not offered at the November 2 suppression hearing. Ample time for cross-examination was provided, which was used to attempt to impeach Trooper Coleman's testimony and credibility. Moreover, this Court granted defense counsel's request to file post-hearing briefs, giving defendant another opportunity to provide expert opinion to the Court

regarding the coaching of canines. Finally, defendant has failed to identify the scope of the expert testimony he wishes to provide since no expert has been consulted in this matter and the Court is left to question as to: what kind of expert would be called and what the expert would testify about, in addition to all the qualifications, reliability, and relevancy issues ordinarily associated with expert testimony. Thus, the Court is unable to consider whether such expert testimony even exists, much less consider the character of the testimony in making its determination. Defendant seems to simply object to this Court's interpretation of the video evidence of and ruling on the reliability of the canine search. This Court found the canine, Scarlet, to be reliable, and the handler, Trooper Coleman, to be credible, and based on its decisions on these findings, there is no showing, nor proffer, that any expert would testify to the contrary or on what basis. Further, assuming the expert were to testify regarding this issue and simply proffer a different interpretation of the video, such testimony would go to the weight of the testimony and evidence, not its admissibility. Since defendant's Motion to Reopen Evidentiary Hearing does not raise any new substantive issues, it is not well-taken. Based upon the above, this Court will not reopen the evidentiary hearing to present expert testimony related to Trooper Coleman's use of Scarlet on defendant's vehicle.

**III.	Conclusion**

Accordingly, for the reasons stated above, defendant Willyard's Motion to Reopen Evidentiary Hearing **[Doc. 242]** is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge