UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-44 |
| | ) | (PHILLIPS/SHIRLEY) |
| SCOTT EDWARD WILLYARD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

On August 6, 2008, District Judge Phillips granted the defendant's *pro se* requests for new counsel and continued the defendant's August 13, 2008 trial date. [Docs. 295 & 296] This case was referred to the undersigned [Doc. 296], pursuant to 28 U.S.C. § 636(b) and the rules of court, for appointment of new counsel and to reset the trial date. On August 8, 2008, Assistant United States Attorney Hugh B. Ward appeared to represent the government. The defendant was present. Attorney Bruce Poston was present and agreed to undertake representation of the defendant. The Court **ORDERS** that Bruce Poston is substituted and hereby appointed under the Civil Justice Act (CJA) as counsel of record for the defendant.

Mr. Poston stated that he had received discovery from the government and anticipated receiving additional information from the defendant's former counsel. He agreed that he would need substantial time to prepare this case for trial and noted that he had conflicts on several available trial dates. The defendant and the government agreed to a new trial date of **March 24, 2009**, before Judge Phillips. The Court finds, as did the District Court, that the failure to continue the August 13,

1

2008 trial date would unreasonably deny new counsel for defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(8)(B)(iv). Moreover, the Court reiterates and concurs in the District Court's finding that to require newly appointed counsel to proceed to trial in less than a week's time could amount to a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(B)(i). Accordingly, it is the finding of this Court that the ends of justice served by granting of the requested continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). All time between the defendant's August 6, 2008 hearing before the District Court and the new trial date of March 24, 2009, shall be fully excludable for speedy trial purposes. 18 U.S.C. § 3161(h)(8)(A)-(B).

With regard to other scheduling in this case, the Court declined to reopen the motion filing deadline automatically. Defense counsel may move for leave to file specific motions if he determines there is a need for such. A new pretrial conference is set before the undersigned on February 23, 2009, at 10:00 a.m.

Accordingly, it is **ORDERED**:

1. Attorney Bruce Poston is appointed under the Civil Justice Act (CJA) as counsel of record for the defendant;

2. The trial of this matter is continued until **March 24, 2009, at 9:00 a.m.** before the Honorable Thomas W. Phillips, United States District Judge; and

3. A pretrial conference is set for **February 23, 2009, at 10:00 a.m.**

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge