UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-44 |
| | ) | |
| SCOTT EDWARD WILLYARD, | ) | (PHILLIPS/GUYTON) |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the defendant's *pro se* letter [Doc. 320], styled "Order to Allow Medical Treatment, relating the defendant's desire to see a doctor and his concerns about conditions in the Knox County Detention Facility. This letter, which has been docketed as a motion, was filed on December 12, 2008, and is one of many *pro se* letters the Court has received from the defendant. The Court appointed [Docs. 297 and 300] Attorney Bruce Poston to represent the defendant on August 8, 2008.

Generally, *pro se* motions filed while the party is represented by counsel violate the local rules:

> Whenever a party has appeared by attorney, that party may not thereafter appear or act in his or her own behalf in the action or proceeding, unless an order of substitution shall first have been made by the court, after notice by the party to the attorney and to the opposing party. However, the court may, in its discretion, hear a party in open court, notwithstanding the fact that the party is represented by an attorney.

1

Local Rules of the United States District Court for the Eastern District of Tennessee, LR 83.4(c). The defendant has been continuously represented by counsel, and he presents no valid or compelling reason for granting him permission to file *pro se* pleadings while he continues to be represented by counsel. Moreover, the Court cautions the defendant that he runs the risk of waiving his attorney-client privilege and/or disclosing the details of his defense strategy by such filings. Accordingly, the defendant's *pro se* letter [**Doc. 320**] is **DENIED as moot** to the extent that it can be taken to be a motion.

Attorney Poston is **DIRECTED** to review the letter [Doc. 320] as well as copies of the defendant's other *pro se* letters[1] and to determine whether the concerns expressed therein should be pursued. Concerns relating to the defendant's detention should be addressed first with the appropriate personnel at the detention facility and second with the United States Marshals Service. If defense counsel is unable to gain relief through these avenues, he may raise any legitimate matters that need to be brought to the Court's attention by filing a motion on or before **February 2, 2009**. If filed, this motion will be heard at the pretrial conference set for **February 23, 2009, at 10:00 a.m.** Going forward, the defendant is encouraged to take up his questions and the issues he seeks to raise with his very capable attorney.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1]The Court is providing copies of the defendant's non-docketed *pro se* letters to Attorney Poston only. Attorney Poston shall also review the defendant's November 14, 2008 and December 10, 2008 *pro se* letters [Docs. 315 and 316], which have been docketed but not as motions.