UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:07-CR-44 |
| SCOTT EDWARD WILLYARD, | ) ) | (PHILLIPS/SHIRLEY) |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on three *pro se* letters by Defendant Willyard, which were docketed as motions [Docs. 440, 441, and 442] on June 3, 2011, and referred [Doc. 443] to the undersigned on June 8, 2011. In the first letter [Doc. 440], dated May 21, 2011, the Defendant asks the Court to order his trial attorney Bruce Poston to send him all of the discovery and information from the file in his case so that he can proceed with his appeal without Mr. Poston's assistance. The second letter [Doc. 441], also dated May 21, 2011, and directed to the Clerk of Court, asks the Clerk to send him copies of the Grand Jury proceedings, all the discovery in his case to include the entire Drug Enforcement Administration (DEA) file, all motions filed in his case, and the transcripts of all hearings in his case so that he can prepare his appeal. In his third letter [Doc. 442], dated May 23, 2011, the Defendant asks the Court to appoint new counsel to help him with his appeal, contending that Mr. Poston will not do so.

By way of background in this case, the Court observes that the Defendant was arraigned [Doc. 39] in this case on July 3, 2007. At that time, the Defendant waived [Doc. 41] a

1

detention hearing, and the Court appointed Attorney Robert L. Vogel to represent him. On August 6, 2008, District Judge Phillips granted [Doc. 296] the Defendant's request for the appointment of new counsel, due to a breakdown in communication with Attorney Vogel. This Court appointed [Doc. 300] Attorney Bruce Poston to represent the Defendant. On March 24 through 26, 2009, Mr. Poston represented the Defendant at trial, at which the Defendant was convicted of one count of conspiracy to distribute between 100 and 1000 grams of marijuana. He also represented the Defendant at his sentencing hearing [Doc. 431] on October 29, 2010. The Judgment [Doc. 432] of conviction was entered that same day. The minutes from the sentencing hearing [Doc. 431] do not reflect that Mr. Poston asked to withdraw from his representation of the Defendant at that time.

In the eight months since the entry of the Defendant's Judgment, no notice of appeal has been filed in this case. On December 17, 2010, a letter [Doc. 433] from the Defendant was entered on the record. This letter, dated December 7, 2010, indicates that the Defendant would like to file an appeal but has not been able to reach Mr. Poston to find out the status of his case. On March 1, 2011, the Defendant filed a *pro se* motion for enlargement of time in which to file his appeal. This motion, which is actually a letter to the Court, states that Attorney Poston has not responded to the Defendant's inquiries about the status of his appeal and that the Defendant has not heard from the Court with regard to his appeal. The Defendant asked the Court to extend the time for him to file an appeal or to let him know that his appeal has been timely filed. The District Court denied [Doc. 437] this motion because the Defendant had filed his request for an enlargement of time more than forty-four days from the entry of the Judgment. Because the Defendant failed to act within the time frame permitted by the Rules of Appellate Procedure, the Court lacked authority to extend the time for the Defendant to file a notice of appeal.

2

The Defendant presently has no appeal pending in this case. The Rules of Appellate Procedure require that a notice of appeal in a criminal case be filed within fourteen days of the entry of the judgment. Fed. R. App. P. 4(b)(A)(i). In the instant case, the Judgment was entered on October 29, 2010, so the Defendant should have filed a notice of appeal by November 12, 2010. The district court may grant a thirty-day extension of this deadline upon a finding of excusable neglect or good cause. Fed. R. App. P. 4(b)(4). As the District Court held [Doc. 437], this time period had also expired by the time the Defendant requested the extension on March 1, 2011. Upon the expiration of these deadlines, this Court lost the authority to permit the Defendant to file an appeal: "Compliance with Fed. R. App. P. 4(b) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend." United States v. Berry, 2000 WL 1434623, *1 (6th Cir. 2000); see United States v. Hatfield, 815 F.2d 1068, 1073 (6th Cir. 1987) (observing that the court lacks authority to extend the time for appeal beyond the time frame and extension permitted by the Rule).

Because the time for a direct appeal of his conviction has passed and the Defendant has nothing more pending in front of this Court, the Court must deny his request for appointment of new counsel. While a criminal defendant is entitled to be represented by counsel at "every stage of the proceedings" from the inception of the case through appeal, the proceedings in this Court have concluded. See 18 U.S.C. 3006A(c) (regarding the substitution of appointed counsel). The Court also observes that Defendant has not made a motion for post-conviction relief pursuant to 28 U.S.C. § 2255.[1] If the Defendant files such a motion at some point in the future and requests the appointment of counsel, the matter of whether the defendant qualifies for the appointment of counsel

---

[1] The Court would note that the Defendant has one year from the entry of his Judgment on October 29, 2010, to move for post-conviction relief under section 2255. 18 U.S.C. § 2255(f).

3

may be considered at that time.  28 U.S.C. § 2255(g).  Accordingly, the Defendant's request [**Doc. 442**] for the appointment of new counsel is **DENIED**.

With regard to the Defendant's requests for various documents and records relating to his case for the purpose of filing or pursuing his direct appeal, the Court finds that there is no direct appeal pending, that the time for an appeal has passed, and that, thus, there is no basis for providing the requested records.  Accordingly, the Defendant's *pro se* motions [**Docs. 440 and 441**] for various records are also **DENIED** at this time.  The Clerk of Court is **DIRECTED** to send a copy of this Order, a copy of Judge Phillips' March 3, 2011 Order [Doc. 437] denying the enlargement of time for an appeal, and a copy of the docket sheet to the Defendant at the return address listed in his motion [Doc. 440].

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge